## Rhoads *v.* Walsh, Appellant.

*Bailment—Warehousemen—Storage charges—Principal and agent.*

Where a bailee of household goods under an installment lease stores the goods in a storage warehouse without the knowledge or consent of the bailor, and the agent of the latter on discovering this fact, takes an assignment of the warehouse receipt, and notifies the warehouseman of the true ownership of the goods, the latter may recover from the bailor the storage charges, at least, from the date of the assignment, and irrespective of any agreement on the part of the bailor's agent to pay them.

Argued Oct. 6, 1911. Appeal, No. 56, Oct. T., 1911, by defendants, from judgment of C. P. No. 3, Phila. Co., June T., 1909, No. 2,143, on verdict for plaintiff in case of John F. Rhoads, trading as the John Rhoads Company, v. Mary T. Walsh et al, Trustees of the Estate of Philip J. Walsh, deceased, trading as Philip J. Walsh Estate. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Appeal from judgment of magistrate. Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $21.35. Defendant appealed.

*Errors assigned* were (1–7) all sufficiently indicated in the opinion of the Superior Court.

*John F. Gorman,* for appellants.—No contract arose between plaintiff and defendants relative to the payment by the latter of the storage charges, and the defendants' request for binding instructions should have been affirmed: Lauer Brewing Co. v. Schmidt, 24 Pa. Superior Ct. 396; Central Penna. Telephone & Supply Co. v. Thompson, 112 Pa. 118; Clark v. R. R. Co., 24 Pa. Superior Ct. 609; Patterson v. Trac. Co., 9 Pa. Dist. Rep. 362; Whiting v. Lake, 91 Pa. 349; Creighton v. Boudinot, 14 W. N. C. 556; Weldon v. Traction Co., 27 Pa. Superior Ct. 257.

*John W. Best,* for appellee.—Agent acting within apparent scope of his authority binds his principal: Hill v. Nation Trust Co., 108 Pa. 1; Adams Ex. Co. v. Schlessinger, 75 Pa. 246; Tanner v. Oil Creek R. R. Co., 53 Pa. 411.

OPINION BY BEAVER, J., March 1, 1912:

The defendants, trustees of the estate of Philip J. Walsh, deceased, were engaged in selling goods upon the installment plan, retaining the title in themselves under a bailment until the full amount of the purchase money was paid. They made a sale or lease of household goods in accordance with their custom to one Francis X. Lynch, husband of Sarah A. Lynch, which, by the terms of the lease, were to be placed in premises No. 4637 N. Meredith St., Philadelphia. It was also agreed that said goods were not to be removed from said premises without the consent of the lessors. The goods were removed by the wife of the bailee and stored with the plaintiff in his storage house, apparently without the knowledge or consent of the defendants. Knowledge having come to McCaffrey, an employee of defendants, who was the collector of accounts due, admitted by the defendants, "That the goods leased to Mr. Lynch had been removed from the Meredith Street address and stored in plaintiff's place of business," McCaffrey thereupon, on that day, wrote, of his own volition, and, as alleged by the defendants, without any instruction and without the knowledge of his employers, to

the plaintiff, advising him that the goods were the property of the Walsh estate, that they held the warehouse receipt and that he must not sell or dispose of the goods without notice to the estate. The receipt of this letter was acknowledged by the plaintiff in a letter, in which he promised to protect the Walsh estate and asking them, when Mrs. Lynch had settled with them, to return to plaintiff the warehouse receipt and all would be right, provided the storage charges were kept up. The goods remained in the hands of the plaintiff for a number of months. Bills for storage were sent to the defendants as well as to Mrs. Lynch. Defendants denied their liability for the plaintiff's charges for storage and removed the goods without paying the charges, although they were demanded at the time of the removal. The plaintiff brought suit to recover the storage charges, liability for which was denied by the defendants on the ground that McCaffrey, who was their collecting agent, had no right to bind them by a contract to pay the storage charges. A recovery was had.

The first, second and third assignments of error relate to the admission of testimony, of verbal declarations and letters written by McCaffrey, the alleged agent of the defendants, in reference to the goods in question. It is admitted that McCaffrey, representing the defendants, took an assignment of the storage receipt from Mrs. Lynch, which seems to have been clearly within his province and duty, as the collector of overdue accounts. In order to make that assignment effective, it was, of course, necessary to give notice of the defendants' interest in the goods stored with the plaintiff, and this, we take it, was quite as much within the province of McCaffrey, who represented the interest of the defendants, as the securing of the assignment from the bailee of their goods. Without such notice, the warehouseman would have been in ignorance of their rights and may have delivered the goods to the bailee of the defendants, who was also the bailor of the plaintiff.

In reference to the duties of a bailee, it is said in 5 Cyc. 177: "He must, however, always use the property intrusted to him well, and may impliedly contract for and bind the bailor with respect to the preservation and care of such property."

A warehouseman, as we understand it, has a lien upon goods held by him in storage for the storage charges.

Whether or not the assignment of the receipt for goods for storage carries with it a liability for the charges then due is not a question in this case, for the plaintiff voluntarily remitted all charges prior to the date of the assignment, and claimed and recovered only for what was due from the date of the assignment until the goods were removed by the defendant. We are of opinion, as was the trial judge in the court below, that the knowledge of the fact that the goods in the hands of the plaintiff had been placed there by the bailee thereof, who assigned the receipt therefor to the defendants, made them liable for the storage, at least from the date of the assignment, whether there was a distinct agreement on their part that they would pay the storage charges or not. We are clearly of the opinion that McCaffrey's acts and declarations, whether verbal or written, were in exact accordance with his authority as the agent of the defendants and with his duty as collector of overdue accounts. It matters little, however, whether or not the acts, declarations and letters of McCaffrey were received in evidence, in view of the fact, as we regard the liability of the defendants, that it was not created by any special contract made by McCaffrey, but was implied by the relations which existed between the defendants, as the assignees of the warehouse receipt, and the relation thereby created between the plaintiff and the defendant.

It was held in Grove v. Barclay, 106 Pa. 155, that "An implied contract to pay for storage will arise where one person leaves his goods upon the property of another. A mere notice by the owner to remove the goods, not complied with, will not prevent the owner from electing to

permit the goods to remain, instead of removing them himself, and from bringing suit to recover for storage."

The answer of the court to the second point of the plaintiff, complained of in the fourth assignment of error, which was: "If the jury find from the evidence that the defendants, or their agent, had notice that the goods were stored in the warehouse of the plaintiff, and afterwards voluntarily permitted them to remain there in storage, then the verdict must be in favor of the plaintiff for the storage accruing after such notice," the answer being, "I have so instructed you, gentlemen, and I affirm that point" was, as we view it, correct.

We fail to find error also in the answer to the plaintiff's third point, which was: "If the jury find that the defendants' servant wrote the letter, bearing date August 28, 1908, in the regular course of his business as such servant and employee, then the defendants are bound by it the same as if they had written it themselves"; the answer to which was, "But I refuse that portion of the point which would give binding instructions in favor of the plaintiff as a result of that letter being written."

The sixth assignment, based upon the refusal of the trial judge to affirm the point made by the defendants "That under all the evidence the verdict must be for defendants," is without merit.

As is also the seventh, which assigns the refusal of the court to enter judgment for the defendants n. o. v.

This disposes of the entire case. The assignments of error are all overruled.

Judgment affirmed.